UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LUGO,

        Plaintiff,

v.

VMSB, LLC,                                     CASE NO.

        Defendants.
_____/

## COMPLAINT

Plaintiff, Daniel Lugo, by and through his undersigned counsel, hereby sues the Defendant, VMSB, LLC, (hereinafter "Defendant"), for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (hereinafter, the "ADA") and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. §§ 1331 and 1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

## VENUE

2. Venue lies in this district pursuant to 28 U.S.C. §1391(b) because the property that is the subject of this action is situated within this district and the events giving rise to the claims asserted herein occurred in this district.

## PARTIES

3. Plaintiff, Daniel Lugo, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, including walking, due to

permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident. Plaintiff must use a wheelchair to ambulate. Plaintiff also has limited use of his hands and fingers. Plaintiff's access to the premises described below (hereinafter, the "Property"), and his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property were restricted and limited because of Plaintiff's disabilities and will be restricted in the future unless and until Defendant is compelled to remove the physical barriers to access and cure the ADA violations that exist at the Property, including but not limited to those set forth in this Complaint[1] and is compelled to institute policies and procedures for the Property staff to follow when attempting to accommodate a disabled patron at the Property. Plaintiff intends to return to the Property in the near future, and within thirty (30) days, to utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered therein.

4. Defendant transacts business within this judicial district within the State of Florida by, inter alia, being the owner and operator of the Property which is comprised of a commercial building (including the adjoining grounds servicing the commercial building) including, but not limited to, a restaurant commonly known as "Gianni's", and a hotel commonly known as "The Villa Casa Casuarina", located at the Property at 1116 Ocean Drive in Miami Beach, Florida.

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent,

---

[1] The term "ADA violations", as used herein, means that the physical elements at issue violate the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

## COUNT I
## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA – THE PROPERTY

6. Plaintiff realleges and incorporates paragraphs 1 through 5 above herein.

7. Places of public accommodation were provided with one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if the defendant had ten or fewer employees and gross receipts of $500,000.00 or less).

8. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012. [2]

9. The Property is a place of public accommodation pursuant to the ADA.

10. On November 14, 2020 and again on January 6, 2022, Plaintiff attempted to, and to the extent possible, accessed the Property but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the

---

[2] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

11. Plaintiff intends to visit the Property again in the near future, and within thirty (30) days, in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property, but he will be unable to do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including, but not limited to those barriers, conditions and ADA violations set forth in this Complaint.

12. Defendant has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Property in violation of the ADA and will continue to discriminate against Plaintiff unless and until Defendant is compelled to remove the physical barriers relevant to Plaintiff's disabilities that exist at the Property as set forth in this Complaint, thus making the Property accessible to Plaintiff as required by the ADA, and Defendant is compelled to institute policies and procedures for the Property staff to follow when attempting to accommodate a disabled patron at the Property.

13. The unlawful physical barriers, dangerous conditions and ADA violations encountered and/or known by Plaintiff which preclude or limit Plaintiff's ability (because of Plaintiff's disabilities) to access the Property and/or fully and equally enjoy the goods, services,

facilities, privileges, advantages and/or accommodations of the Property, are as follows (the applicable STANDARDS sections are also denoted[3]):

- a) Non-compliant accessible routes including a lack of access at the front entrance to the facility, non-compliant rear alley entry route and ramps and a failure to connect the facility entrances with all accessible spaces and elements within the facility which are otherwise connected including all raised, sunken and outdoor dining areas including the garden, pool and south wing reportedly built in 1992 (in violation of STANDARDS 206, 302, 303, 304, 305, 306, 307, 308, 309, 402, 403, 404 and 405);

- b) Non-compliant doors, doorways and gates including those leading into the facility from the non-compliant rear alley entry ramps and the main restroom servicing Gianni's (in violation of STANDARDS 206.5 and 404);

- c) Lack of compliant directional signage at the front entrance, at the rear alley entry route and at the changes in level throughout the facility and at the men's restroom (in violation of STANDARD 216.4.3);

- d) Non-compliant rear alley ramps including improper running slopes and cross slopes, non-compliant floor and ground surfaces, a lack of proper width, a lack of compliant landings including the location of a trash dumpster at the bottom of the rear alley entry ramp which blocks access to the non-compliant ramp, a non-compliant ramp run, non-compliant handrails on one ramp and a lack of handrails on another ramp, a lack of edge protection, a lack of extended floor or ground surfaces beyond the inside face of the non-existing and/or non-compliant handrails and landings that are subject to wet conditions but not designed to prevent the accumulation of water (in violation of STANDARD 405).

- e) Non-compliant men's restroom including, but not limited to, a total lack of compliant elements within the restroom and a lack of access to the restroom due to a non-compliant change in level of a step up which precludes disabled access to the restroom (in violation of STANDARDS 213, 603 and 604);

- f) Non-compliant dining surfaces and bars in that no bar/counter is located at a height of 34 inches maximum above the finish floor and no dining tables have spaces under them that have the required minimum of 30 inches of width, the

---

[3] The 2010 Standards are denoted because the required remediation will occur after March 15, 2012 and thus must comply with these new standards. See 28 CFR §36.304(d)(2)(ii)(B): "On or after March 15, 2012, elements in existing facilities that do not comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards must be modified to the extent readily achievable to comply with the requirements set forth in the 2010 Standards. Noncomplying newly constructed and altered elements may also be subject to the requirements of § 36.406(a)(5)", i.e., without regard to whether said modifications are readily achievable.

        required 27 inches of vertical knee clearance and the required 19 inches of unobstructed depth (in violation of STANDARDS 226 and 902);

g)    Non-compliant floor and ground surfaces (in violation of STANDARDS 302, 303, 304, 305, 306 and 307) and;

h)    Non-compliant hotel guest rooms (in violation of STANDARDS 224 and 806).

14.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and is technically feasible. 42 U.S.C. § 12182(b)(2)(A)(iv) and 42 U.S.C. §12183(a)(2).

15.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the enumerated physical barriers, dangerous conditions and ADA violations relevant to Plaintiff's disabilities that exist at the Property set forth herein and to institute policies and procedures for Property staff to follow when attempting to accommodate a disabled patron.

16.    Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

17.    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order to alter the property to make it readily accessible to and usable by individuals with disabilities to the extent required by the ADA and is compelled to institute policies and procedures for the Property staff to follow when attempting to accommodate a disabled patron at the Property, and the closing of the Property until such time as the required modifications are completed and policies and procedures implemented.

        WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent

injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the enumerated physical barriers to access and alter the subject Property to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA and ordering Defendant to institute policies and procedures for the Property staff to follow when attempting to accommodate a disabled patron at the Property, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II
## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA – THE RESERVATION SYSTEM

18. Plaintiff realleges and incorporates paragraphs 1, 2, 4 and 5 above herein.

19. Plaintiff is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities, including walking, due to permanent damage to his spinal cord as a result of a broken neck caused by a motor vehicle accident. Plaintiff must use a wheelchair to ambulate. Defendant's online lodging reservation system fails to comply with any of the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendant is compelled to cure the substantive ADA violations contained on its online reservation system. Plaintiff intends to visit the online reservation system for Defendant's place of lodging in the near future, and within thirty (30) days, to book a room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation system for compliance with 28 C.F.R. §36.302(e).

20.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

21.     On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; [4]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

---

[4] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

22. The Property is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Property has an online reservation system whereby potential patrons may reserve a hotel room. The reservation system is subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendant is responsible for said compliance.

23. Most recently, during January, 2022 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible hotel room at the Property through Defendant's online reservation system but was unable to do so due to Defendant's failure to comply with the requirements set forth in paragraph 7.

24. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

25. Defendant has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered through the Property's online reservation system due to the substantive ADA violations contained thereon.

26. The online reservation system for the Property encountered by Plaintiff when he visited it failed to comply with the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Property's online reservation system, he tried to make reservations for an accessible hotel room at the Property, since he requires an accessible hotel

room due to his inability to walk, but it was not possible to make such a reservation. It was possible to reserve a hotel room that was not accessible. For this reason Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible hotel rooms during the same hours and in the same manner as individuals who do not need accessible hotel rooms. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Property's online reservation system, he searched the site for the identification and descriptions of accessible features at the Property and hotel rooms offered through the reservation service so that he could assess independently whether the Property or a specific room at the Property met his accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible hotel room and does not, in turn, allow the reserving of such room, the Website cannot hold such unavailable accessible hotel rooms in the reservations system until all other units have been rented, block such unavailable accessible hotel rooms from the system once reserved, and guaranty that such unavailable accessible hotel rooms will be held for the reserving customer as required by sections (iii) - (v) respectively.

27.  Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to correct the ADA violations to the online reservations system for the Property and maintain the online reservations system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

28. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

29. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendant to alter and maintain its online reservations system in accordance with the requirements set forth in paragraph 20 above. [5]

WHEREFORE, Plaintiff, Daniel Lugo, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter and maintain the online reservations system for the Property in accordance with the requirements set forth in paragraph 20 above, and awarding

---

[5] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of its online reservations system. As rates and classes of the places of lodging at the Property and the number and type of rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Property, the online reservations system must continuously be updated to properly reflect and describe Defendant's compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1).

12

Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Lee D. Sarkin
DREW M. LEVITT
Florida Bar No: 782246
drewmlevitt@gmail.com
LEE D. SARKIN
Florida Bar No. 962848
LSarkin@aol.com
4700 N.W. Boca Raton Blvd, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Attorneys for Plaintiff
